UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KREMEAKA D. MCCLAIN,

                                                                                    Civil No. 21-2157 (JRT/JFD)

                    Plaintiff,

v.                                     **ORDER GRANTING MOTION TO DISMISS**

AC MOTORS and FLAGSHIP CREDIT
ACCEPTANCE LLC,

                    Defendants.

       Kremeaka D. McClain, 12310 Singletree Lane, Eden Prairie, MN 55344, *pro se* plaintiff.

       Brian Melendez and Michael A. Cavallaro, **Barnes & Thornburg LLP**, 225 South Sixth Street, Suite 2800, Minneapolis, MN 55402 for defendant.

       Plaintiff Kremeaka D. McClain purchased and financed a vehicle through Defendants AC Motors and Flagship Credit Acceptance LLC ("Flagship").  McClain filed a state court complaint alleging that Defendants failed to include insurance in her finance charge in violation of 15 U.S.C. §§ 1601, 1605, and 1611 under the Truth in Lending Act.  Defendants thereafter removed this case from state court.  McClain subsequently filed two Motions for Default Judgment, asserting that Defendants failed to timely respond.  On the same day that McClain filed her second Motion for Default Judgment, Defendants filed a Motion to Dismiss her complaint for failing to state a claim.

The Court will deny both of McClain's Motions for Default Judgment because Defendants' Motion to Dismiss was filed seven days after the case was removed to this Court and constitutes a timely response. The Court will grant Defendants' Motion to Dismiss because the statute of limitations bars McClain's § 1605 claim and no private right of action is available under § 1601 or § 1611.

## BACKGROUND

On August 30, 2021, McClain filed her complaint in Hennepin County District Court. (Notice of Removal, Ex. B ("Compl.") at 1, Sept. 30, 2021, Docket No. 1.) McClain alleges that the Defendants included a finance charge and did not include her insurance in the charge when she purchased her vehicle. (*Id*. at 1.) Based on the alleged failure to include insurance in the finance charge, McClain asserts that Defendants violated 15 U.S.C. §§ 1601, 1605, and 1611. (*Id*. at 1–2.) McClain's complaint further states that the Defendants "took cash (labelled in Exhibit A & B) in Affidavits of truth" but no exhibits were attached to the complaint.[1] (*Id*.)

On September 30, 2021, Defendants removed the current action to this Court. (Notice of Removal.) On October 4, 2021, McClain filed her first Motion for Default Judgment, asserting that Defendants failed to timely respond. (1st Mot. Default J., Oct. 4, 2021, Docket No. 5.) Three days later, McClain filed a second Motion for Default

---

[1]Defendants attempted to obtain a copy of the exhibits referenced in McClain's pleadings, but McClain declined to send the exhibits to Defendants. (Ex. Index Supp. Defs.' Mot. Dismiss, Ex. C, Oct. 7, 2021, Docket No. 15.)

Judgment.  (2nd Mot. Default J., Oct. 7, 2021, Docket No. 8.)  McClain also attached various exhibits to her second Motion for Default Judgment detailing her attempts at serving the Defendants, her correspondence with Flagship, and the Retail Installment Contract and Security Agreement ("the Agreement") containing the finance charge at issue.  (Exs. A-F, Oct. 7, 2021, Docket No. 9.)  The Agreement shows a total finance charge of $14,262.35 and that no insurance was purchased from Defendants relating to this transaction.  (*Id.*, Ex. C at 1–2.)  McClain signed and dated the Agreement February 23, 2019.  (*Id*. at 3.)

On the same day McClain filed her Second Motion for Default Judgment, Defendants filed a Motion to Dismiss to McClain's Complaint.  (Mot. Dismiss, Oct. 7, 2021, Docket No. 10.)  Defendants also attached an Insurance Coverage Acknowledgment to their motion.  (Ex. Index Supp. Defs.' Mot. Dismiss, Ex. B.)  The Insurance Coverage Acknowledgement explained that McClain could obtain insurance coverage from a company of her choice and indicates that McClain chose to purchase insurance through Progressive Direct Insurance.  (*Id*.)  McClain signed and dated the Insurance Coverage Acknowledgement alongside the Agreement.  (*Id*.)

McClain has neither responded to Defendants' Motion to Dismiss nor submitted any additional filings since October 7, 2021.[2]

---

[2] While Federal Rule of Civil Procedure 41(b) authorizes the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order," the Court will analyze the Motion for Default Judgment and Motion to Dismiss on the merits.

-3-

**DISCUSSION**

I. **MOTION FOR DEFAULT**

   A. **Standard of Review**

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A judgment of default may, thereafter, be entered on application to the Court." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1218 (D. Minn. 2009); *see also* Fed. R. Civ. P. 55(b). "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977). There is a strong judicial policy against default judgments and a "preference for adjudication on the merits." *Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir. 1993).

   B. **Analysis**

McClain's first Motion for Default Judgment asserts that Defendants did not reply to the summons within 21 days. (1st Mot. for Default J. at 2.) However, "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within . . . 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2). Defendants timely removed this case on September 30, 2021—exactly thirty days after being served—and filed their Motion to Dismiss for failure to state a claim

-4-

seven days later on October 7, 2021.  Defendants have not failed "to plead or otherwise defend" under Rule 55 and are not in default.

McClain's second Motion for Default Judgment reiterates that Defendants did not respond within 21 days before stating additional facts and claims relating to fraud and identity theft that were not raised in her Complaint.  (2nd Mot. for Default J. at 1–3.)  The Court has already addressed and rejected McClain's argument to the extent she asserts she is entitled to a default judgment due to the Defendants' untimely response.  The remainder of McClain's second Motion for Default Judgment is dedicated to facts that are outside of the Complaint and are irrelevant to whether the Defendants defaulted.

Because Defendants timely responded and McClain has not otherwise demonstrated that she is entitled to a default judgment, the Court will deny both of her motions.

## II.  MOTION TO DISMISS

### A.  Standard of Review

When reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true and construes the pleadings in the light most favorable to the non-moving party.  *See, e.g., Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).  The Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings."  *Schriener v. Quicken Loans, Inc.,* 774 F.3d 442, 444 (8th Cir. 2014).  Materials necessarily embraced by the pleadings

include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir.2003).  In addition, the Court may consider "some materials that are part of the public record or do not contradict the complaint." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To rebut a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Therefore, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted).  "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

**B.   § 1605 Claim**

McClain asserts that Defendants violated 15 U.S.C. § 1605 by failing to include insurance in a finance charge.  Section 1605(a) defines "finance charge" as the "sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C. § 1605(a).  Section 1605(c) provides:

> Charges or premiums for insurance, written in connection with any consumer credit transaction, against loss of or

>damage to property or against liability arising out of the ownership or use of property, shall be included in the finance charge unless a clear and specific statement in writing is furnished by the creditor to the person to whom the credit is extended, setting forth the cost of the insurance if obtained from or through the creditor, and stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained.

15 U.S.C. § 1605(c).

McClain's § 1605 claim fails for three reasons. First, the statute of limitations bars her claim.[3] Under the Truth in Lending Act, the statute of limitations for a civil action is one year from the date of the alleged violation. 15 U.S.C. § 1640(e). The violation, if any, necessarily occurred on February 23, 2019 when Plaintiff bought and financed her vehicle. Plaintiff filed the action on August 30, 2021—two and a half years after the alleged violation. Thus, the statute of limitations bars McClain's claim.

Second, even if the statute of limitation did not bar her claim, McClain fails to allege facts sufficient to state a claim upon which relief can be granted. The only facts McClain alleges in the Complaint are that there was a finance charge and that the

---

[3] Although a motion to dismiss is typically not the proper stage to resolve whether a claim is barred by a statute of limitations, dismissal may be proper "if the complaint itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015); *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense."). A complaint establishes the statute of limitations defense "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (cleaned up).

"To determine whether a 'complaint is self-defeating based on a statute of limitations,' a court must identify the relevant limitations period, the date the action was commenced, and the date the plaintiff's claims accrued." *Untiedt's Vegetable Farm, Inc. v. S. Impact, LLC*, 493 F. Supp. 3d 764, 767 (D. Minn. 2020) (quoting *Int'l Decision Sys., Inc. v. JDR Sols., Inc.*, No. 18-2951, 2019 WL 2009249, at *3 (D. Minn. May 7, 2019)).

Defendants did not include her insurance. These facts alone are insufficient to state a claim under § 1605. McClain does not allege that she purchased insurance payable directly or indirectly through Defendants and therefore has not established that Defendants owed an obligation to include insurance in the finance charge. *See* 15 U.S.C. § 1605(a).

Third, the Agreement and Insurance Coverage Acknowledgment—whose contents are alleged in and embraced by McClain's pleadings—show that Defendants properly excluded insurance from the finance charge. The Agreement shows that McClain did not obtain insurance "from or through the creditor" and bought insurance from a third-party. 15 U.S.C. § 1605(a). Because Plaintiff obtained insurance that was not "imposed directly or indirectly by the creditor as an incident to the extension of credit," it does not fall under the definition of a "finance charge." 15 U.S.C. § 1605(a). Accordingly, the Court will dismiss McClain's § 1605 claim.

### C.  § 1611 Claim

McClain additionally states that Defendants violated 15 U.S.C. § 1611. However, § 1611 imposes criminal liability for willful and knowing violations of the Truth in Lending Act and does not give McClain a private right of action. 15 U.S.C. § 1611. Instead, civil liability under the Truth in Lending Act's is provided in 15 U.S.C. § 1640(a). Because there is no private right of action under § 1611, the Court will dismiss McClain's § 1611 claim.

### D.  § 1601 Claim

McClain also alleges that Defendants violated 15 U.S.C. § 1601 for willingly and knowingly failing to provide or disclose required information under provision 15 U.S.C. § 1601. However, like her § 1611, there is no private right of action under § 1601. Section 1601 merely contains the Congressional findings and declaration of purpose and imposes no obligation that a consumer can enforce. Because there is no private right of action under § 1601, the Court will dismiss McClain's § 1601 claim.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions for Default Judgment [Docket No. 5; Docket No. 8] are **DENIED**;

2. Defendants' Motion to Dismiss [Docket No. 10] is **GRANTED**;

3. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 6, 2022　　　　　　　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court